UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WILLIAM DAILEY, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:23-cv-191 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| ALLIANCE PHYSICIANS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

ENTRY AND ORDER GRANTING DEFENDANT ALLIANCE PHYSICIANS, INC.'S MOTION TO DISMISS PLAINTIFF WILLIAM DAILEY'S FIRST AMENDED COMPLAINT (DOC. NO. 8)

Presently before the Court is Defendant Alliance Physicians, Inc.'s Motion to Dismiss Plaintiff William Dailey's First Amended Complaint ("Motion") (Doc. No. 8). Defendant Alliance Physicians, Inc. ("Alliance") argues that Plaintiff William Dailey's ("Dailey") First Amended Complaint ("Complaint") (Doc. No. 7) fails to state a claim upon which relief can be granted. (Doc. No. 8 at PageID 55.) Dailey's Complaint alleges that Alliance's failure to heed his warnings regarding patient safety concerns resulted in intolerable working conditions that forced him to resign. (*See* Doc. No. 7.) For the reasons discussed below, the Court **GRANTS** the Motion.

I.  BACKGROUND

Dailey was employed by Alliance as a Hospitalist and Nocturnist from February 2019 until his resignation on July 21, 2021. (Doc. No. 7 at PageID 34, 47.) During his employment with Alliance, Dailey was responsible for "diagnosis, treatment, and continuous care to hospital inpatients, prescribing medication or treatment regimens to hospital inpatients, the interpretation of tests such as laboratory and radiograph results, and the discharge planning of patients." (*Id*. at

1

PageID 34.)

Over the course of his employment with Alliance, Dailey alleges that he repeatedly expressed his concerns regarding patient safety. (*Id*. at PageID 35-47.) He further alleges that he filed formal incident reports regarding derelictions of duty by his fellow physicians and was forced to intervene on occasions where patients' lives were in peril. (*Id*. at PageID 35.) Dailey alleges that "[m]anagement expressed its displeasure with retaliatory assignments, and preventable patient harms continued to occur." (*Id*.)

Over the course of his employment with Alliance, Dailey made multiple staff and safety complaints orally and by email to various doctors. (*Id*. at PageID 49.) In addition to these complaints, Dailey made multiple reports using the MIDAS reporting system during his employment with the intent that these reports be forwarded to a Patient Safety Organization ("PSO"). (*Id*.)

Dailey filed the operative Complaint on November 7, 2023. (Doc. No. 7). In the Complaint, Dailey alleges a single claim relating to the violation of the Patient Safety and Quality Improvement Act ("PSQIA"), 42 U.S.C. § 299b-22(e)(1)-(2). (*Id*. at PageID 52.)

Alliance filed the present Motion on December 4, 2023 (Doc. No. 8) and Dailey filed his opposition on December 21, 2023 (Doc. No. 9). Alliance filed its reply on December 29, 2023 (Doc. No. 10). The matter is fully briefed and ripe for review and decision.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this rule "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.

Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6) (providing for motions to assert a "failure to state a claim upon which relief can be granted"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted). Thus, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*. at 555-56.

### III.    ANALYSIS

Alliance argues that the Court should dismiss the present action for three reasons. First, Alliance contends that constructive discharge is not an adverse employment action under the PSQIA as a matter of law. (Doc. No. 8 at PageID 61-63.) Second, looking at the Complaint itself, Alliance argues that Dailey has failed to plausibly plead that he was constructively discharged. (*Id*. at PageID 63-65.) Finally, Alliance asserts that Dailey has failed to plead that he reported

3

patient safety concerns with the intent of having those concerns reported to a PSO. (*Id*. at PageID 65-67.)

The Court finds that this matter can be resolved by addressing Alliance's second argument and consequently makes no findings as to Alliance's remaining arguments.

### A. <u>Constructive Discharge</u>

Under the PSQIA, a reporter is protected from an adverse employment taken because of their good faith reporting of information. 42 U.S.C. § 299b-22(e). The Court assumes, without deciding, for the purposes of this Motion that a constructive discharge falls within the meaning of an adverse employment action under the statute.

"A constructive discharge claim has two basic components: discrimination by an employer so severe that a reasonable person would have been compelled to resign and an actual resignation." *Gosbin v. Jefferson Cnty. Comm'rs*, 725 F. App'x 377, 387 (6th Cir. 2018) (citing *Green v. Brennan*, 578 U.S. 547, 555 (2016)). To establish a claim of constructive discharge, "the plaintiff must prove that '(1) the employer deliberately created intolerable working conditions, as perceived by a reasonable person; and (2) the employer did so with the intention of forcing the employee to quit.'" *Gosbin*, 725 F. App'x at 387-88 (quoting *Logan v. Denny's, Inc.*, 259 F.3d 558, 568-69 (6th Cir. 2001)). The Sixth Circuit has identified several factors courts must consider when evaluating the first requirement:

> Whether a reasonable person would have felt compelled to resign depends on the facts of each case, but we consider the following factors relevant, singly or in combination: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status.

*Logan*, 259 F.3d at 569 (quoting *Brown v. Bunge Corp.*, 207 F.3d 776, 782 (5th Cir. 2000)).

4

Alliance argues that Dailey's Complaint falls short of pleading any facts that suggest he was constructively discharged. (Doc. No. 8 at PageID 63.) Specifically, Alliance contends the Complaint fails to allege any of the recognized factors for intolerable working conditions, but instead improperly alleges Dailey's subjective belief on his ability to continue working. (*Id*. at PageID 64.) Alliance further argues that Dailey's allegation that Dr. Sylvia Polenakovik ("Dr. Polenakovik") called him a liar on one occasion is too little to establish a claim for relief. (*Id*.) Finally, Alliance asserts that the allegation that, "'management expressed its displeasure' with him by giving him what he apparently felt to be 'retaliatory assignments,'" is conclusory and again too isolated to state a plausible claim for relief. (*Id*. at PageID 65.)

In response, Dailey makes an exhaustive policy-based argument as to the application of constructive discharge to the PQSIA, but fails to point the Court to any allegations in support of his constructive discharge argument *in this case*. As best the Court can determine, Dailey appears to argue:

> Fearful that Defendant's poor standards of care and refusal to address his concerns would implicate him in a claim of medical malpractice or medical negligence, Plaintiff was left with no other option but to remove himself from the harmful environment and resign from his position on July 21, 2021.

(Doc. No. 9 at PageID 74.) Dailey does not point the Court to any caselaw in support of his positions on this point.

Dailey has failed to plead sufficient facts to support a finding that he has nudged his claims across the line from conceivable to plausible. *See Twombly*, 550 U.S. at 570. The primary basis of Dailey's constructive discharge claim seems to be that Alliance did not act upon his reported concerns. Indeed, even taking the allegations in Dailey's Complaint as true, he fails to allege that Alliance refused to act upon his concerns *with the intention of forcing him to quit*. *See Gosbin*, 725 F. App'x at 387-88 (quoting *Logan*, 259 F.3d at 568-69). Thus, the only allegation before the

5

Court is that Dailey felt his working conditions were intolerable because his employer was not listening to him. Dailey does not direct the Court to a single case that would support a finding that this is sufficient to support his claim. Regardless of the altruism of Dailey's reporting and patient safety concerns, he has simply failed to plead the intent element of the constructive discharge claim.

Moreover, the only allegations in the Complaint that are recognizable as factors supporting a constructive discharge claim are insufficiently pled. For instance, Dailey alleges that on one occasion, Dr. Polenakovik, Medical Co-Director of Kettering Physicians Network Hospital Medicine, called him a "liar" and continued to blame him. (Doc. No. 7 at PageID 45.) While it is not made clear by the Complaint what "she continued to blame [Dailey]" means, the Sixth Circuit has been exceedingly clear that "an employer's criticism of an employee does not amount to constructive discharge—especially when the employer's criticism is limited to a few isolated incidents…." *Groening v. Glen Lake Cmty. Sch.*, 884 F.3d 626, 631 (6th Cir. 2018) (collecting cases). Thus, even this isolated incident would not support the plausibility of Dailey's claim, nor does Dailey allege this incident was a factor in causing his working conditions to become intolerable.

Finally, Dailey alleges: "Management expressed its displeasure with retaliatory assignments, and preventable patient harms continued to occur." (Doc. No. 7 at PageID 35.) This allegation is conclusory and vague. Dailey fails to even allege that these purportedly retaliatory assignments were a reduction in responsibility, menial, or degrading, all of which are factors defined by the Sixth Circuit. Nor does Dailey allege any specific facts regarding these assignments that would support an inference that they fell within the factors this Court considers or that this allegation is more than Dailey's subjective belief. *See Kaminiski v. Hillman Grp., Inc.*, No. 1:19-

6

cv-1010, 2021 U.S. Dist. LEXIS 31946, at *9-10, 2021 WL 680110, at *3 (S.D. Ohio Feb. 22, 2021) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584 (6th Cir. 1992)). What's more, Dailey fails to allege in his Complaint or argue in his response, that these retaliatory assignments contributed to his working conditions becoming intolerable. Instead, he points to the fact that his concerns were not being acted upon and his concern for his career.

Therefore, Dailey has failed to allege facts that would support constructive discharge and, consequently, he has failed to plausibly state a claim upon which relief may be granted.[1]

### IV. CONLUSION

For the reasons stated above, the Court **GRANTS** Defendant Alliance Physicians, Inc.'s Motion to Dismiss Plaintiff William Dailey's First Amended Complaint (Doc. No. 8). The Clerk is directed to terminate this matter on the docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, February 12, 2024.

s/Thomas M. Rose

———————————————————

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] As Dailey has not stated a claim for constructive discharge and, consequently, that he suffered an adverse employment action under PQSIA, the Court need not address whether he has adequately plead that he filed his reports with the intent that they be passed on to a PSO.